UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

OMAR DIAZ-BETANCUR,

        Petitioner,

  -v-                                    No.  08 Civ. 5577 (LTS)(GWG)
                                          No.  04 Cr. 289 (LTS)

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------x

**OPINION AND ORDER**

On May 21, 2007, Petitioner Omar Diaz-Betancur ("Petitioner") was sentenced principally to 108 months imprisonment, to be followed by five years of supervised release. On May 12, 2008, Petitioner filed this petition for relief pursuant to 28 U.S.C. § 2255, requesting that the Court reduce his sentence in light of the unusually harsh conditions of pre-extradition confinement that Petitioner allegedly suffered while imprisoned in Combita, Colombia. Petitioner asks that his sentence be reduced on the basis that his trial counsel rendered ineffective assistance by failing to seek such a reduction in connection with sentencing.

Petitioner submits an affidavit averring that he repeatedly asked his counsel to move for the Court to reduce his sentence on the basis of the pre-extradition conditions of confinement, informed counsel of the harms he suffered at the prison as well as those suffered by others in the prison, informed counsel of the fact that the Court had departed downward at the sentencing proceedings of his co-defendants based on their pre-extradition confinement at the same prison, and that his counsel informed him that he would make such a motion but did not do so.

The Court has considered thoroughly the parties' submissions.[1] Familiarity with the record is presumed. For the following reasons, the petition is denied in its entirety.

DISCUSSION

In order to prevail under 28 U.S.C. § 2255, a petitioner must show that 1) his sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack.[2]

A claim of ineffective assistance of counsel under the Sixth Amendment must satisfy the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984). A petitioner must show: first, that counsel's performance fell below an objectively reasonable standard of performance, and second, that the deficient performance prejudiced the outcome of the proceeding. See United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990). Regarding the first prong, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the

---

[1] On December 5, 2008, the Court entered an order permitting Petitioner to submit a reply to the Government's opposition papers no later than January 30, 2009, and noting that the instant Section 2255 motion would be deemed fully briefed if reply papers were not timely filed. (See Docket Entry No. 160.) No reply papers have been received to date. Therefore, the motion is deemed fully briefed.

[2] A claim that is raised in a § 2255 petition but was not presented on direct appeal is procedurally barred from consideration by the district court reviewing the § 2255 petition unless the petitioner establishes cause for failure to raise the issue on direct appeal and actual prejudice arising from the alleged violation or, in the alternative, actual innocence. See Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). This rule, however, does not apply to ineffective assistance of counsel claims. See id.

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007).  The Court must also bear in mind that "there are countless ways to provide effective assistance in any given case." Aguirre, 912 F.2d at 560 (citing Strickland, 466 U.S. at 689).  With respect to the second prong, prejudice is shown if, but for the deficient performance, there was a "reasonable probability" that the outcome of the proceeding would have been different.  A reasonable probability is a probability "sufficient to undermine confidence in the outcome." See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 694).  A court need not address both prongs if a petitioner fails to make a sufficient showing on one.  See Ordenes v. United States, No. 05 Civ. 8968(HB), 2007 WL 1766772, *10 (S.D.N.Y. June 9, 2007).

Petitioner entered into a plea agreement with the Government and pled guilty to Count One of the Indictment.[3]  Under the plea agreement, Petitioner agreed to a stipulated Guidelines range of 108 to 135 months of imprisonment and agreed that a downward departure from the stipulated Guidelines range was not warranted, that he would not seek a downward departure or any adjustment not stipulated to, nor would he suggest that the Probation Department or the Court consider such a departure or adjustment.  Petitioner further agreed that a sentence within the stipulated Guidelines range would be reasonable in light of all the factors set forth in 18 U.S.C. § 3553(a), and that he would not seek a sentence outside of that range or suggest to the Probation Department or the Court that a sentence outside that range is warranted.  He gave a full and extensive plea allocution, stating in open court and under oath that he

---

[3] Petitioner does not allege that his plea was not knowing or voluntary, nor is there anything in the record that would demonstrate that his plea was not knowing and voluntary.

understood these terms and was entering a plea of guilty knowingly and voluntarily. The Pre-Sentence Report calculated the advisory Guidelines range to be 108 to 135 months of imprisonment. At the sentencing, defense counsel requested a sentence of 108 months, counsel for the Government requested a sentence within the Guidelines range, and the Court imposed a term of imprisonment of 108 months.

Petitioner bargained away his right to seek a downward departure under the Guidelines or any variance from a sentence of 108 months. The Pre-Sentence Report recommended that range, and the fact that his counsel failed to object to that calculation, or failed to seek a downward departure or a variance from that sentence was entirely consistent with the plea agreement into which Petitioner knowingly and voluntarily entered. In fact, had counsel sought a downward departure or variance by introducing evidence of the conditions of Petitioner's pre-extradition confinement, there would have been a clear breach of the plea agreement, that would have entitled the Government to introduce evidence that would have potentially increased Petitioner's sentence of imprisonment to a length far above the agreed Guidelines range. Therefore, counsel's refusal to proffer evidence of pre-extradition confinement conditions in an attempt to reduce Petitioner's sentence was imminently reasonable and, in the very least, within the wide range of reasonable professional assistance.

The Court's conclusion is not affected by Petitioner's averment that his counsel told him that he would seek a departure or variance based on pre-extradition confinement conditions. Petitioner represented in open court and under oath that he was willingly giving up the right to seek a downward departure or variance, and the fact that counsel ultimately respected

Petitioner's wishes cannot, under these circumstances, be objectively unreasonable conduct.[4]

## CONCLUSION

For the foregoing reasons, an evidentiary hearing is not warranted and his petition for relief pursuant to 28 U.S.C. § 2255 is denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

The Clerk of Court is respectfully requested to enter judgment denying the petition and close this case.

SO ORDERED.

Dated:   New York, New York
         March 10, 2009

                                            _____
                                            LAURA TAYLOR SWAIN
                                            United States District Judge

---

[4] Moreover, at the sentencing proceeding, his counsel represented: "The only thing we were speaking towards, your Honor, was a possible departure that he wanted me to make an application for. And, basically, what we've been spending the time doing is talking about the reasons why I can't make an application for a departure. Those are what the concerns are, and those are the things that have been discussed." (Sent. Tr. at 5.) The Court then asked Petitioner whether he wanted another opportunity to review the Pre-Sentence Report in detail with his counsel, and Petitioner responded, "No. Let's get to the sentence, your Honor." (Id. at 7.) Therefore, Petitioner was given full notice and an opportunity to be heard with respect to his counsel's rendition of events, after counsel had actually informed Petitioner that counsel could not seek to reduce the advisory Guidelines range. Petitioner chose to proceed with sentencing knowing full well that no reduction would be sought.